IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

SLAY'S RESTORATION, LLC,

    Plaintiff,

v.                                                 CIVIL ACTION NO. 4:15cv140

WRIGHT NAT'L FLOOD INS. CO., et al.,

    Defendants.

## *MEMORANDUM ORDER*

This matter is before the Court on Defendants' three (3) Motions for Leave to File a Supplement, Dkts. 69, 72, 74, to their Motions to Dismiss, Dkts. 24, 26, 28, 63.[1] For the reasons set forth below, the Court **GRANTS** the Motions for Leave to File a Supplement. Dkts. 69, 72, 74.

### I.     BACKGROUND

**A.     Facts**

Plaintiff Slay's Restoration, LLC restores buildings damaged by natural disasters. Compl. ¶ 5. Defendant KLSM Consulting is a Florida consulting and appraisal firm. *See id.* ¶ 6. Defendant CIS Specialty Claims Services ("CIS") is a Texas adjusting and consulting firm. *See id.* ¶ 7. Defendant Colonial Claims is a Florida adjusting firm. *Id.* ¶ 8. Defendant Wright National Flood Insurance Company ("Wright Flood") is a Florida insurance company carrying Write Your Own ("WYO") insurance policies as a participant in the National Flood Insurance Program ("NFIP"). *Id.* ¶ 9. Defendant Woodard is a natural person residing in Texas and

---

[1] Seven (7) of the eight (8) Defendants filed Motions to Dismiss: Colonial Claims, Dkt. 24, CIS Group and Sammy Woodard, Dkt. 26, Wright Flood, Dkt. 28, Jeffrey Nicholl, Dkt. 59, and KLSM Consulting and Jeffrey Kaiser, Dkt. 63. Michael Carmelia has not yet been served. Dkts. 43, 44. All Defendants who filed Motions to Dismiss except Nicholl have filed a Motion for Leave to File a Supplement to their Motions to Dismiss. *See* Dkts. 69, 72, 74.

1

employed as a mitigation reviewer by "either KLSM Consulting or CIS." *See id.* ¶ 10. Defendant Nicholl is a natural person residing in Florida and employed by Wright Flood. *Id.* ¶ 11. Defendant Carmelia is a natural person residing in Florida and employed as a loss consultant by KSLM Consulting. *See id.* ¶ 12. Defendant Kaiser is a natural person residing in Florida and was employed as a mitigation professional by KLSM Consulting. *See id.* ¶ 13.

### B. Procedural History

On December 22, 2015, Plaintiff filed a one-count Complaint in this Court. Compl. On February 8, 2016, Defendant Colonial Claims filed a Motion to Dismiss, Dkt. 24, as did Defendants CIS and Sammy Woodard, Dkt. 26, and Wright Flood, Dkt. 28. On February 26, Plaintiff filed Oppositions to the Motions to Dismiss. Dkts. 40, 41, 42. On March 7, Defendant Colonial Claims filed a Reply to Plaintiff's Opposition, Dkt. 56, as did Wright Flood, Dkt. 57. On March 16, Plaintiff requested a hearing on the pending Motions to Dismiss. Dkt. 58.

On March 24, Defendant Nicholl filed a Motion to Dismiss. Dkt. 59. On April 11, Defendants KLSM Consulting and Kaiser filed a Motion to Dismiss. Dkt. 63. On May 3, Defendant Colonial Claims filed a Motion for Leave to File a Supplement, Dkt. 69, and Defendant Wright Flood filed a similar motion on May 4, Dkt 72, as did Defendants CIS, Woodard, KLSM Consulting, and Kaiser on May 5, Dkt. 74.

## II. STANDARD OF REVIEW

Under Local Rule 7(F)(1), after a motion has been "accompanied by a written brief" including the appropriate facts, reasons, and authorities, "[n]o further briefs or written communications may be filed without first obtaining leave of Court." Loc. Civ. R. 7(F)(1).

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the

date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *MercExchange, L.L.C. v. eBay, Inc.*, 660 F. Supp. 2d 653, 657 (E.D. Va. 2007). A motion to file a supplemental pleading is treated "nearly identical[ly]" to a motion to file an amended pleading: "leave should be freely granted." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, *29 (4th Cir. 1963) (stating that motions to supplement pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears"). A motion to file a supplemental pleading may be denied if "good reason exists . . . such as prejudice to the defendants," *id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)), or "undue prejudice or delay or trial inconvenience," *Bates v. W. Elec.*, 420 F. Supp. 521, 525 (E.D. Pa. 1976). The motion may also be denied if the amendment would be futile or the movant has unduly delayed or acted in bad faith. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. ANALYSIS

Defendants seek to supplement their Motions to Dismiss with the April 30, 2016 Eastern District of New York opinion in *Melanson v. U.S. Forensic, LLC et al.* No. 15cv4016-ADS-GRB, 2016 WL 1729493 (E.D.N.Y. Apr. 30, 2016). The filings on four (4) of the pending Motions to Dismiss became ripe before *Melanson* was decided.[2]

Defendants argue that *Melanson* is applicable to this case because the court in *Melanson* concluded that "the Plaintiff's RICO claim is precluded by the provisions of the NFIP, which provides the exclusive remedy for all claims arising from a WYO carrier's handling of claims under a [Standard Flood Insurance Policy]." *Id.* at *12. The decision resulted in the dismissal of

---

[2] Colonial Claims's, CIS's, Woodard's, Wright Flood's, and Nicholl's Motions to Dismiss had become ripe by April 12, 2016. *See* Dkts. 53, 56, 57, 65. KLSM and Kaiser's Motion to Dismiss became ripe on May 3, 2016. *See* Dkt. 67.

3

the plaintiff's entire complaint for failure to state a claim. *Id.* at *6, 16. Defendants assert that "*Melanson* involves similar claims against a [WYO] flood insurer and multiple co-defendants, including a company hired to perform professional services, alleging that the defendants violated [RICO]." Dkt. 75 at 2.

Plaintiff "agrees that the *Melanson* opinion may be helpful in framing the issue before this Court." Dkt. 76 at 2. However, Plaintiff argues that *Melanson* is inapplicable to this case because the *Melanson* plaintiff was a policyholder, while Plaintiff, a restoration company, does not hold a Wright Flood insurance policy. *Id.* "As a non-policyholder, Slay's cannot avail itself of the remedies provided for in the NFIP." *Id.* Plaintiff also claims that the *Melanson* court's reasons for dismissing the plaintiff's claim—namely, the need for uniformity in flood loss decisions, the harm to the public treasury in the event of duplicative loss claims, the relevant case law preempting all but contractual claims provided in the NFIP, and the NFIP's comprehensive treatment of policyholders' claims—do not apply to the present circumstances. *Id.* at 3; *see Melanson*, 2016 WL 1729493, at *12–13, 19.

Plaintiff argues neither that Defendants improperly delayed nor that supplementing their Motions to Dismiss would be futile. Indeed, Defendants filed their Motions for Leave to Supplement within a week of the *Melanson* decision, evincing no delay or intent to prejudice Plaintiff. *See* Dkts. 69, 72, 74. Therefore, in light of the policy to "freely grant[ ]" motions for leave to supplement, the Court **GRANTS** Defendants' Motions for Leave to File a Supplement. Dkts. 69, 72, 74.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motions for Leave to File a Supplement. Dkts. 69, 72, 74.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia

August 10, 2016